IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

KISANO TRADE & INVEST LIMITED,

     Plaintiff,

v.                             CIVIL ACTION NO. 2:09-0804

WINDING GULF COAL SALES, LLC,

     Defendant.

## MEMORANDUM OPINION AND ORDER

Pending is a motion to dismiss filed by plaintiff Kisano Trade & Invest Limited ("Kisano") with regard to the counterclaim asserted by defendant Winding Gulf Coal Sales, LLC ("Winding Gulf"). (Doc. No. 25.) For the reasons set forth below, the court denies Kisano's motion.

## I.  Background

Kisano, a corporation organized under the laws of the Republic of Cyprus and doing business in Ukraine, filed suit in this court on July 13, 2009, against Winding Gulf, a West Virginia limited liability company, invoking the court's diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). (Doc. No. 1.) This dispute arises out of an August 2, 2007, coal purchase agreement, ("the 2007 agreement"), entered into between Kisano and Winding Gulf, pursuant to which Winding Gulf was to sell to Kisano 140,000 metric tons of coal at $117.50 per metric ton, to be delivered in two shipments of approximately 70,000 metric tons each. (Id. at 2.) This agreement was subsequently

amended on September 25, 2007, and October 26, 2007, to increase the amount of coal to be sold, the number of shipments, and the price per unit.  (Id.)

The first two shipments under the agreement were delivered and paid for apparently without incident.  In February, 2008, however, Winding Gulf allegedly informed Kisano that it would be unable to make the third shipment at the agreed price and quality, and proposed a substitute.  (Id. at 3.)  Kisano alleges that the proposed substitute was of inferior quality and at a higher price per metric ton.  (Id.)  Kisano rejected this proposal and demanded performance as set forth in the contract, but Winding Gulf failed to comply, allegedly repudiating the contract.  (Id.)

In Count One, Kisano's Complaint asserts a claim for breach of contract resulting in damages in excess of $8,120,000.  (Id. at 4.)  In Count Two, Kisano seeks an order of attachment in that amount against Winding Gulf's property in West Virginia.  (Id. at 4-5.)  Winding Gulf answered the Complaint on August 14, 2009, and asserted a Counterclaim for set-off against Kisano with respect to a 2004 coal purchase agreement, ("the 2004 agreement").  (Doc. No. 17.)

The Counterclaim alleges that "Kisano formerly conducted business with Winding Gulf as Trasteco, Ltd ('Trasteco')."  (Id. at 6 ¶ 5.)  Winding Gulf alleges, upon information and belief,

that "Mr. George Sviohckov is the principal, an officer, or the manager of Kisano," and that, "[o]n more than one occasion, Mr. Sviohckov advised Winding Gulf through written correspondence that Kisano was formerly Trasteco."[1]  (Id. at 6 ¶¶ 6-7.) Defendant further alleges that "[t]he first draft of the coal sales agreement referenced in the Complaint [the 2007 agreement] was originally prepared and signed by Trasteco but the designation of the purchaser was ultimately changed by Mr. Sviohckov to Kisano."  (Id. at 6 ¶ 8.)

Winding Gulf proceeds to allege that, under the 2004 agreement, Winding Gulf was to sell coal to "Trasteco (now Kisano)."  (Id. at 6 ¶ 9.)  The parties subsequently amended the 2004 agreement several times, with both parties performing as expected until Trasteco allegedly demanded delivery of the third shipment at a reduced price.  (Id. at 7-8.)  Winding Gulf asserts that, under duress, it complied with Trasteco's demand, but that Trasteco later refused to take delivery of subsequent shipments. (Id. at 8.)  In two counts, Winding Gulf asserts claims for breach of contract with respect to the third shipment and later shipments refused by Trasteco.  (Id. at 8-9.)

Kisano moved to dismiss Winding Gulf's Counterclaim on the grounds that it fails to state a claim upon which relief may be

---

[1]  Although the Counterclaim refers to a "Mr. Sviohckov," the documents submitted by the parties give this individual's name as "Svishchov."  (Doc. No. 26 n.1; Doc. No. 29-1 at 8.)

granted, because the mutuality of parties necessary for a set-off claim is lacking.  (Doc. No. 25.)  For its part, Winding Gulf argues that it has pled sufficient facts to demonstrate that Kisano and Trasteco are effectively the same entity.  (Doc. No. 29.)

## II.  <u>Standard of Review</u>

When reviewing a motion under Federal Rule of Civil Procedure 12(b)(6) to dismiss for failure to state a claim upon which relief may be granted, a court must determine whether the factual allegations contained in the complaint "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," and, when accepted as true, "raise a right to relief above the speculative level." <u>Bell Atl. Corp. v. Twombly</u>, 127 S. Ct. 1955, 1964-65 (2007)(quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957); 5 Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 1216 (3d ed. 2004)). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." <u>Twombly</u>, 127 S. Ct. at 1969.  As the Fourth Circuit has explained, "[a] complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains 'enough facts to state a claim to relief that is plausible on its face.'" <u>Lainer v. Norfolk S. Corp.</u>, No. 06-1986, 2007 U.S. App. LEXIS 28253, at *3 (4th Cir. Dec. 5, 2007) (quoting <u>Twombly</u>, 127 S. Ct. at 1974).

-4-

Attached to the Complaint, the Counterclaim, and the briefs on the motion to dismiss are several documents, including the first and final drafts of the 2007 agreement and invoices for coal delivered pursuant to the 2004 and 2007 agreements.  (Doc. Nos. 8; 26-1; 29-1.)  Although extrinsic evidence generally should not be considered on a motion under Rule 12(b)(6), "when a defendant attaches a document to its motion to dismiss, 'a court may consider it in determining whether to dismiss the complaint [if] it was integral to and explicitly relied on in the complaint and [if] the plaintiffs do not challenge its authenticity.'" Am. Chiropractic Ass'n v. Trigon Healthcare, Inc., 367 F.3d 212, 234 (4th Cir. 2004)(quoting Phillips v. LCI Int'l Inc., 190 F.3d 609, 618 (4th Cir. 1999).  Both requirements are met here, and the court has considered the relevant documents in its review of Kisano's motion.  See Secretary of State For Defence v. Trimble Navigation Ltd., 484 F.3d 700, 705 (4th Cir. 2007)(In reviewing motion under Fed. R. Civ. P. 12(b)(6), court "may consider documents attached to the complaint . . . as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic . . . .")(internal citations omitted).

### III.  **Analysis**

"Setoff is a counterclaim arising from an independent claim that the defendant has against the plaintiff." FDIC v. Marine

<u>Midland Realty Credit Corp.</u>, 17 F.3d 715, 722 (4th Cir. 1994).

"It is a broad general principle of practically universal

application that to warrant a set-off the demands must be mutual

and subsisting between the same parties."[**]  <u>Hutchinson Coal Co.</u>

<u>v. Miller</u>, 20 F. Supp. 718, 728 (N.D. W. Va. 1937)(citations

omitted).

Kisano argues that the Counterclaim does not set forth

sufficient facts under the <u>Twombly</u> standard to satisfy the

mutuality of parties necessary to prove a set-off claim.  It

observes that Kisano and Trasteco are organized under the laws of

different countries, and that the primary addresses for the two

companies are different in the respective contracts.

Additionally, plaintiff discounts the Counterclaim's allegation

that Mr. Svishchov advised Winding Gulf in written correspondence

that Kisano was formerly Trasteco.  Kisano asserts that this

allegation amounts to a conclusion of law which the court need

not accept.

---

[**] Under the doctrine of <u>Erie Railroad Co. v. Tompkins</u>, 304
U.S. 78 (1938), the court has applied state substantive law.
Under West Virginia law, a defendant may not set off against a
plaintiff's demand a claim for unliquidated damages arising out
of a different transaction than that sued upon, unless the claim
is susceptible of accurate calculation as provided by the
contract.  <u>Johns-Manville Sales Corp. v. Connelly</u>, 108 S.E.2d
836, 838 (W. Va. 1959)(citations omitted).  Although the
calculation of damages in a set-off claim arising from a coal
purchase agreement may prove to be complicated, depending on the
terms of the contract, <u>see</u> <u>Hooper-Mankin Fuel Co. v. Shrewsbury</u>
<u>Coal Co.</u>, 119 S.E. 176 (W. Va. 1923), that issue is not before
the court at this time.

In reviewing a motion under Rule 12(b)(6), the court must view the facts alleged in the complaint in the light most favorable to the party opposing the motion; however, the court need not accept the legal conclusions drawn from the facts. Eastern Shore Markets, Inc. v. J.D. Assoc. LP, 213 F.3d 175, 180 (4th Cir. 2000)(citing Schatz v. Rosenberg, 943 F.2d 485, 489 (4th Cir. 1991). The proposition that Kisano is the same entity as Trasteco is, as Kisano contends, a legal conclusion. Had Winding Gulf pleaded only this bare assertion, its Counterclaim would not satisfy the pleading standards described in the Twombly line of cases.

In reality, the Counterclaim sets forth three crucial allegations: 1) that Mr. Svishchov is the principal, officer, or manager of Kisano; 2) that Mr. Svishchov advised Winding Gulf that Kisano was formerly Trasteco; and 3) that Mr. Svishchov changed the designation of purchaser in the 2007 agreement from Trasteco to Kisano. (Doc. No. 17 at 6 ¶¶ 6-7.) Winding Gulf thus alleges that Mr. Svishchov acted on behalf of both Trasteco and Kisano, representing that the companies were the same.

To be sure, the documents propounded by the parties offer conflicting evidence in this regard. The first draft of the 2007 agreement gives the following contact information for Trasteco:

```
Trasteco Ltd.
International House
Naxxir Road,
San Gwann 08, Malta
```

-7-

Attention: Mr. Nikolay Kolovorotiniy or Mr. Akiva
Sapir.

(Doc. No. 29-1 at 8.)  A secondary contact is given for Trasteco

in Ukraine as 7-A, Plehanova Street, Dnepropetrovsk, 49000,

Attention: Mr. George Svishchov.  (Id.)

In the final version of the contract, the contact

information for Kisano is set forth as follows:

KISANO TRADE & INVEST LIMITED
Theklas Lyssioti, 29
CASSANDRA CENTRE, 2nd floor, Flat/Office 201-202
P.C. 3030, Limassol, Cyprus
Attention: Mr. Oleg Sirota or Mr. Akiva Sapir.

(Doc. No. 8 at 8.)  The secondary contact for Kisano is identical

to that for Trasteco, listing Mr. Svishchov at the same address,

with minor differences in spelling.  (Id.)  Although the

Limassol, Cyprus, address appears for Kisano on some invoices

relating to the 2007 agreement, (Doc. No. 8 at 18-22), an invoice

dated August 24, 2007, gives Kisano's address as the same address

in Malta set forth above for Trasteco.  (Doc. No. 29-1 at 18.)

Kisano relies in part on Bricklayers Ins. and Welfare Fund

v. Golden Vale Construction, Inc., No. 06-CV-1028, 2007 WL

3232244 (E.D.N.Y. Oct. 31, 2007), for the proposition that

Winding Gulf has not pleaded sufficient facts from which to draw

the conclusion that Kisano and Trasteco are one and the same.

(Doc. No. 31 at 7-8.)  In that case, a company was alleged to be

the successor or alter ego of another company which had been the

party to a collective bargaining agreement – a situation which

-8-

Kisano acknowledges is not precisely relevant to the instant
case.  In finding the plaintiffs' allegations to be insufficient,
the Bricklayers court observed that the plaintiffs had pleaded no
facts indicating substantially identical management, business
purpose, operation, equipment, customers, supervision, and
ownership, nor any facts to indicate whether the alleged
successor had acquired substantial assets and continued without
interruption its predecessor's business operations and workforce.
Id. at *5.

Although Winding Gulf's allegations in this regard are
limited, one may infer from the Counterclaim and the documents
offered by the parties that the management of Kisano and Trasteco
is, if not identical, at least overlapping, considering the
involvement of Mr. Svishchov and Mr. Sapir.  Based on the
similarity of the contracts entered into between these companies
and Winding Gulf, it may also be inferred that the two companies
share a substantially similar business purpose and maintained
substantial continuation of business operations, particularly
considering Mr. Svishchov's amendment of the 2007 agreement's
designation of purchaser.  Moreover, the shared addresses
indicate at least some concurrence of assets between Kisano and
Trasteco.

Because the court must draw reasonable inferences at this
stage in the light most favorable to Winding Gulf, the court

-9-

concludes that defendant has alleged enough facts to support a plausible claim for set-off relief.  It remains to be established, however, whether Winding Gulf will be able to prove sufficient facts demonstrating that Kisano and Trasteco should be regarded as the same entity.

### IV.  **Conclusion**

For the reasons set forth above, the court **DENIES** Kisano's motion to dismiss the Counterclaim.  (Doc. No. 25.)

The Clerk is directed to send copies of this Memorandum Opinion and Order to counsel of record.

It is **SO ORDERED** this 10th day of May, 2010.

ENTER:

David A. Faber
Senior United States District Judge

-10-